UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DINGHUI DENG,<br><br>      Plaintiff,<br><br>  v.<br><br>SEATTLE MUNICIPAL COURT, et al.,<br><br>      Defendants. | CASE NO. C21-1316 MJP<br><br>ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND |

  Plaintiff has filed a civil complaint with this court. (Dkt. No. 4.) The Court, having reviewed the complaint and record, does hereby find and ORDER that the complaint is defective for the following reasons:

  (1)  Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)") provides that

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Plaintiff's complaint does not comply with the requirements set forth in Rule 8(a). Plaintiff's complaint and supporting exhibits do not contain a clear statement of why the Court has jurisdiction over this matter. This is critical because this is a Court of limited jurisdiction and plaintiff must demonstrate how the Court has jurisdiction over his case. Plaintiff identifies two ways in which the Court has jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. First, the Court does not find that plaintiff's complaint satisfies either. Plaintiff states that the Court has diversity jurisdiction, which requires complete diversity of citizenship (i.e., the state where each party lives) between the parties. See 28 U.S.C. § 1332(a). Plaintiff asserts that he is a resident of Washington. He has sued at least one or more residents of Washington. There is not complete diversity between the parties. Therefore the Court cannot exercise its authority over this matter on the basis of "diversity jurisdiction."  Second, plaintiff asserts that the Court has federal question jurisdiction over this matter, which requires plaintiff's claims to involve alleged violations of federal constitutional, statutory, or regulatory law. Plaintiff does cite to various Constitutional amendments, federal laws, federal regulations. But plaintiff does not explain how the claims he asserts against each defendant involve violations of the Constitution, federal law or federal regulations. The Court does not find there to be federal question jurisdiction. Based on its review of the complaint, the Court finds that it does not have jurisdiction over this matter. Additionally, plaintiff has not satisfied Rule 8(a) because he has not written a clear statement of claims showing how he is entitled to relief. The Court cannot understand what specific claims Plaintiff is bringing as to each defendant. Without more clarity, the Court cannot allow this lawsuit to proceed. Lastly, plaintiff has also not included an appropriate demand for relief as required by Rule 8(a). And to the extent that plaintiff is pursuing civil rights claims under 42 U.S.C. § 1983, he should be aware that judges acting in their judicial

capacity are entitled to absolute immunity from suit for money damages and cannot be sued for such damages. See Dennis v. Sparks, 449 U.S. 24, 27 (1980). If plaintiff wishes to proceed with this action, he must specifically identify the basis for this Court's jurisdiction. In addition, he must provide the Court with a concise, clear statement of his claims. And he must provide a clear and concise demand for proper relief.

(2) Plaintiff may file an amended complaint curing the above-mentioned deficiencies within thirty days of the date on which this Order is signed. The amended complaint must be legible and must be sufficiently clear to produce a readable scanned image. In addition, the amended complaint must carry the same case number as this one. If no amended complaint is timely filed, the Court will dismiss this matter under 28 U.S.C. § 1915(e)(2)(B)(ii). If plaintiff does file an amended complaint, the Court may nevertheless dismiss it if does not correct the defects noted in this Order, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studies, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1552, 1546 (9th Cir. 1990) (as amended), cert. denied, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

(3) The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order and the Pro Se Instruction Sheet to plaintiff.

\\

\\

1    The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

2    Dated October 12, 2021.

 

                                                    Marsha J. Pechman
                                                    United States Senior District Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4