UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DINGHUI DENG,<br><br>                Plaintiff,<br><br>    v.<br><br>SEATTLE MUNICIPAL COURT, et al.,<br><br>                Defendants. | CASE NO. C21-1316 MJP<br><br>ORDER DENYING MOTION TO AMEND, DECLINING TO SERVE AMENDED COMPLAINT, AND DISMISSING ACTION |

      This matter comes before the Court on Plaintiff's Motion to Amend. (Dkt. No. 7.) The Court has reviewed the proposed Amended Complaint and all supporting materials. The Court DENIES the Motion. The Court declines to serve the Amended Complaint and DISMISSES this action in full.

## BACKGROUND

      Plaintiff filed suit against eighteen individuals and entities. Plaintiff's allegations primarily concern Miguel Rivera, his former husband with whom he has had a troubled relationship. Plaintiff asserts claims against Rivera for libel, defamation, slander, identity theft,

fraud, assault, and intentional infliction of emotional distress. (Amended Complaint ("AC") at 14, 21-48 (Dkt. No. 7 at 14, 21-48).) Plaintiff seeks monetary damages from Rivera.

Plaintiff also pursues claims for monetary damages against the Seattle Municipal Court, King County Superior Court, and several judges arising out of several domestic violence proceedings initiated against him that involve Rivera. (See AC at 16, 18-19, 41-45; AC Attachment 2 (Dkt. No. 7-2 at 1.).) Plaintiff alleges that the judges in those matters denied various motions and allowed for "invalid" service of a warrant by two Seattle Police officers. (See AC at 16, 18-19, 41-45.) Plaintiff also alleges that one of the judges placed him in custody for some time and ordered a competency evaluation. (Id. at 45.) And as to the police officers, Plaintiff alleges that they "trespassed" when they served him with "court papers" and responded to his 911 call in which he sought protection from Rivera. (Id. at 41.)

Plaintiff also brings claims against the "King County Attorney," the Seattle City Attorney, and Grace E. Zavidow, who is identified as an assistant City Attorney. The claims appear to involve allegations of prosecutorial misconduct and failure to act on Plaintiff's claims that Rivera had engaged in illegal conduct.

Lastly, Plaintiff brings claims of "collusion" against Ildiko Baldwin, Csilla Travis, Remington Yhap, Charlie Joe Wing, and Cristy Smith. (AC at 33-39 (Dkt. No. 7 at 33-39).) Plaintiff appears to allege that these individuals submitted perjured declarations in support of Rivera in the domestic violence proceedings against Plaintiff. (Id. at 15 (Dkt. No. 7 at 15).)

**ANALYSIS**

**A.    Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)") requires Plaintiff's complaint to contain: (1) "a short and plain statement of the grounds for the court's jurisdiction,

unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

To satisfy Rule 8(a) and for Plaintiff's case to proceed, the Court must have jurisdiction over the claims he asserts. There are two primary ways the Court may have jurisdiction over Plaintiff's claims: (1) through the Court's "original" federal question jurisdiction; or (2) through "diversity" jurisdiction. First, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This applies to Plaintiff's claims that vindicate his rights conferred to him by the Constitution and federal law, but not state law. Second, the Court may have "diversity jurisdiction" over Plaintiff's claims where there is complete diversity of citizenship between the plaintiff and named defendants and where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. This is the primary means by which a plaintiff may assert claims based on state laws. For purposes of this analysis, citizenship refers to the domicile of the party (i.e., where the person lives), not his/her residence. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Without either original federal question or diversity jurisdiction, the Court cannot generally exercise jurisdiction over the dispute, and it must be dismissed.

Additionally, because Plaintiff is proceeding in forma pauperis, the Court has the authority and obligation to dismiss "the case at any time if the court determines that . . . the action or appeal—(i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Subject Matter Jurisdiction and Immunity**

The Court finds that Plaintiff's Amended Complaint cannot be served because it contains claims that are barred by judicial, prosecutorial, and qualified immunity, and because the Court lacks jurisdiction over the claims. The Court reviews the reasons for its conclusion.

First, the Court finds that Plaintiff's claims against the judges are barred by absolute immunity. Judges acting in their judicial capacity are entitled to absolute immunity from suit for money damages and cannot be sued for such damages. See Dennis v. Sparks, 449 U.S. 24, 27 (1980). The Court broadly construes the scope of judicial immunity to ensure the public policy of having an independent and disinterested judiciary. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). All of the Plaintiff's claims against the named judges identify acts that they undertook in their judicial capacity and for which Plaintiff seeks monetary damages. These claims cannot be pursued, even though they seek to vindicate federal rights. See id. Similarly, Plaintiff's claims against the Seattle Municipal Court and King County Superior Court must be dismissed because they are purely derivative of Plaintiff's claims against the judges who are entitled to judicial immunity. Plaintiffs' claims against the courts and judges are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Second, Plaintiffs claims against the "King County Attorney," Seattle City Attorney, and Zavidow must be dismissed because of prosecutorial immunity. "Prosecutors are . . . entitled to absolute immunity from section 1983 claims." Ashelman, 793 F.2d at 1075. Here, Plaintiff's claims against the prosecutors seek to vindicate various federal constitutional rights through 42 U.S.C. § 1983 (also referred to as "section 1983"). These claims are barred by prosecutorial immunity and cannot be saved by further amendment. The Court dismisses these claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Third, Plaintiff's claims against the two officers are barred by qualified immunity. Under the doctrine of qualified immunity, officers cannot face liability for damages when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, (2009) (citation and quotation omitted). Taking the allegations as true, Plaintiff states that on January 23, 2021, he called 911 to report a break-in by Rivera, and that "police officers didn't do anything about the br[eak] in, [but] they trespassed into the room to serve me the court paper." (AC at 41 (citing to Attachment 2 and Police Report.) While Plaintiff alleges the officers accessed his room without permission, he also admits he invited the police officers into his home by calling 911 and ask for assistance. Plaintiff cannot pursue a claim of trespass when he invited the officers into his home. See Theofel v. Farey-Jones, 359 F.3d 1066, 1073 (9th Cir. 2004) ("A defendant is not liable for trespass if the plaintiff authorized his entry."). Even if the officers were uninvited, they are entitled to qualified immunity from a claim of trespass because officers may enter a residence to serve a valid arrest warrant without violating the citizen's Fourth Amendment rights. See United States v. Gooch, 506 F.3d 1156, 1159 (9th Cir. 2007). Nowhere has Plaintiff alleged any basis to conclude that the "court paper" (which the Court construes to refer to a warrant) was invalid or why the officers knew or should have known it was. The Court finds the officers are entitled to qualified immunity from these claims. See id. And because the claims against the Seattle Police Department are derivative of the claims against the officers who are entitled to immunity, the Court find the claims against the Department cannot be pursued. The claims against the officers and Department must be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

Fourth, the Court lacks jurisdiction over Plaintiff's claims against Rivera, Baldwin, Travis, Yhap, Wing, and Smith. Plaintiff claims that these individuals engaged in "collusion"

1   and submitted false statements. These claims arise under state law, not federal law. That means
2   that the only way the Court could have jurisdiction over these claims is under "diversity
3   jurisdiction." See 28 U.S.C. § 1332(a). Diversity jurisdiction requires that Plaintiff live in a
4   different state than all of the defendants. But as Plaintiff admits he and several of these
5   individuals live in the same state—Washington. (See AC at 13 ("Most of the defendants are
6   citizens of different States, only two of them [are] resident[s] in this State.").) As such, the Court
7   does not have diversity jurisdiction over these claims. This defect cannot be saved through
8   amendment. The Court dismisses the claims against these individuals without prejudice, but
9   notes that these claims cannot be saved through amendment.

## CONCLUSION

Having considered the voluminous filing and supporting materials, the Court DENIES Plaintiff's Motion to Amend and declines to serve the Amended Complaint. The Court finds that Plaintiff's claims against the named judges, courts, prosecutors (individuals and offices), police officers and Seattle Police Department are barred by various immunities from suit. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), the Court DISMISSES these claims with prejudice. And because the Court lacks jurisdiction over Plaintiff's claims against Rivera, Baldwin, Travis, Yhap, Wing, and Smith, the Court DISMISSES these claims without prejudice. And the Court finds that leave to amend the claims against Rivera, Baldwin, Travis, Yhap, Wing, and Smith would be futile given the defects in diversity jurisdiction. The Court therefore DISMISSES this action in full and directs the Clerk to enter judgment consistent with this Order.

\\

\\

\\

1    The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

2    Dated December 17, 2021.

Marsha J. Pechman
United States Senior District Judge